United States District Court
Southern District of Texas
**ENTERED**
April 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | MAG. JUDGE NO. 2:19-MJ-1205 |
| § | |
| RODRIGO VILLEGAS-MONJARAS § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL**

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the Defendant pending trial in this case:

(1) There are no conditions or combination of conditions that would reasonably secure the presence of the Defendant; and

(2) There are no conditions or combination of conditions that will reasonably assure the safety of the community.

The evidence against the Defendant is substantial. The Defendant had five illegal aliens in the car he was driving when stopped by law enforcement. The findings and conclusions contained in the Pretrial Services Report are adopted, supplemented by the testimony of CBP Agent David Stone and the Defendant's wife.

The Defendant and his wife, a United States citizen, were married in the latter part of 2018. The Defendant had in his possession a Border Crossing Card that did not expire until 2020; however, the Defendant's A-file (Alien File with Homeland Security) reflected that the Defendant had not requested an extension of his 30-day stay in the United States that expired February 23, 2019. In addition, Agent Stone testified that the

Defendant's Border Crossing card, as well as the temporary 30-day VISA, did not allow him to travel beyond 25 miles away from the United States border. The court takes judicial notice that Refugio County is over 100 miles from the United States border. Agent Stone stated that he had filed a petition to revoke the Border Crossing Card because of these violations.

The Defendant's wife testified that she and her husband had hired an immigration lawyer and had filed a petition to adjust the Defendant's status to that of a resident alien. She further testified that the legal assistant to the immigration lawyer advised both of them that the Defendant must stay in the United States or his petition would be revoked. Whether or not this is true, the Defendant was still in violation of the restriction that he not travel more than 25 miles from the border. The Defendant was clearly in violation of the terms of his Border Crossing Card while at the same time committing a crime by transporting aliens in Refugio County, Texas, located over 100 miles from the border. The Defendant is a poor bond risk, and his lack of any status to live, work, or stay in the United States makes him a risk of flight, especially because if he is convicted of this offense, his right to be in the United States or to become a permanent legal resident alien will, in all likelihood, be denied, resulting in his deportation.

The Defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request

of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 8th day of April, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE